UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA YARBROUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>JACQUELINE PAVIA HARRIS,<br><br>    Defendant. | Case No. 16-cv-02412-JSC<br><br>**AMENDED ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND ORDER TO DEFENDANT TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Re: Dkt. No. 3 |

Defendant Jacqueline Harris, proceeding pro se and *in forma pauperis*, removed this unlawful detainer action to federal court. Defendant Harris invokes federal subject matter jurisdiction under 28 U.S.C. § 1331. As an initial matter, Harris has filed an application to proceed in forma pauperis, which is GRANTED. (Dkt. No. 3.) The Court, however, ORDERS Harris to show cause as to why this case should not be remanded to state court for lack of subject matter jurisdiction.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover*

United States District Court
Northern District of California

*Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Harris bases removal on federal question jurisdiction. However, the removed complaint makes only a state-law claim for unlawful detainer. Harris's allegation that her answer raises questions regarding "Defendant's rights and Plaintiffs duties under federal law" (*see* Dkt. No. 1 at 2) is of no moment because "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense[.]") (emphasis in original); *see also U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12–5540, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer").

Further, although the Notice of Removal does not allege jurisdiction based on diversity, such jurisdiction does not exist in this case. Plaintiff's unlawful detainer action was filed in superior court as a "limited" civil case amounting to less than $10,000 in controversy. (Dkt. No. 1 at 6.) As such, the amount in controversy does not meet the jurisdictional threshold of $75,000.00 for diversity jurisdiction. 28 U.S.C. §§ 1441(b) & 1332(a). In addition, only non-resident defendants can effect removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 87 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (internal quotation marks omitted). Here, the civil cover sheet alleges

1 that Harris resides in Contra Costa County and is therefore a citizen of California. (Dkt. No. 1 at 12.) As Harris is a "local" defendant, removal is improper on this basis as well.

In light of the foregoing, the Court ORDERS Harris to SHOW CAUSE as to why this action should not be remanded to state court. Harris shall respond to this Order in writing by **May 27, 2016**. Failure to respond will result in remand of this case to Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: May 6, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA YARBROUGH,

    Plaintiff,

  v.

JACQUELINE PAVIA HARRIS,

    Defendant.

Case No.  16-cv-02412-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jacqueline Pavia Harris
5402 Solano Avenue
Richmond, CA 94805

Dated: May 6, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

4